IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHADY GROVE DENTAL CENTER, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 3066 |
| ) | |
| STERICYCLE, INC., ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM ORDER

Last Friday (April 28) this Court received the Answer and Affirmative Defenses filed by Stericycle, Inc. ("Stericycle") in response to the Complaint brought against it by Shady Grove Dental Center, LLC ("Shady Grove"), this case having just been transferred to this Court's calendar by the Panel on Multidistrict Litigation ("MDL Panel") as a tagalong action to MDL Case No. 2455. Because this Court's examination of the case filings has disclosed the absence of a showing of federal subject matter jurisdiction, this sua sponte memorandum order must dismiss both the Complaint and the action itself.

Federal courts are courts of limited jurisdiction, empowered to entertain lawsuits only to the extent prescribed by the Constitution or by congressional action. That being so, our Court of Appeals announced this universal truism just over three decades ago in Wis. Knife Works v. Nat'l. Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

In this instance, with federal jurisdiction sought to be grounded in its diversity-of-citizenship branch, total diversity on the opposite sides of the "v." sign must be established. And it has not been in this case, for:

1. Shady Grove initiated its lawsuit, asserting claims for relief grounded solely in state law (both Illinois and Maryland) with no accompanying federal-question claim, by a filing in the Circuit Court for Montgomery County, Maryland (Shady Grove's local home turf).

2. That March 6, 2017 filing was then timely responded to by Stericycle's purported Notice of Removal ("Notice"), which mistakenly characterized Shady Grove as "a citizen of the State of Maryland" (Notice ¶ 5), citing this Complaint ¶ 3 allegation as the predicate for that assertion:

   > Plaintiff Shady Grove Dental Center, LLC is a duly organized Maryland Limited Liability Company with its principal place of business at 14955 Shady Grove Road, Rockville, MD.

3. That is of course wrong. Again our Court of Appeals has provided a succinct iteration of the universally accepted principle in that respect (Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006):

   > The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members.

With both Shady Grove's Complaint and Stericycle's Notice being silent on the last-mentioned subject, it is really surprising that no one has previously spotted that fatal flaw. Thus the case has found its way to the MDL Panel and then to this Court's calendar without anyone having focused on the subject dealt with here.

As stated earlier, then, federal subject matter jurisdiction is lacking because of the absence of information about the state or states of citizenship of Shady Grove, although no one has previously noted that flaw during the lawsuit's travels. That being so, this Court is compelled to and does dismiss both the Complaint and this action because of the absence of the required showing of such jurisdiction.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date: May 1, 2017